## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

HERBERT F. YOUNG,

Defendant.

Crim. No. 07-0153-4 (TFH)

## MEMORANDUM OPINION

The Court has received an Order from the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") directing this Court to determine whether pro se defendant Herbert F. Young is entitled to a Certificate of Appealability ("COA") [ECF No. 912]. Also pending before the Court is defendant's Application to Proceed In Forma Pauperis [ECF No. 913]. After carefully considering the entire record in this case and for the reasons provided below, the Court will decline to issue a COA and will dismiss as moot the Application to Proceed In Forma Pauperis.

### I.

Defendant was convicted in 2009 for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin (Count One);[1] unlawful possession with intent to distribute more than 50 grams of cocaine base (Count Seven);[2] unlawful possession with intent to distribute more than 100 grams of heroin (Count Nine);[3] and using, carrying, or possessing a firearm during and in relation to a drug trafficking crime (Count Ten).[4] Judgment 1-2 [ECF No.

---

[1] 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iv) and 841(b)(1)(A)(iii).
[2] 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).
[3] 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i).
[4] 18 U.S.C. § 924(c)(1)(A).

561].  Defendant is currently serving concurrent sentences of 121 months on Counts One, Seven and Nine, and a consecutive sentence of 60 months for Count Ten.  *Id.* at 3.  Defendant appealed and the D.C. Circuit affirmed this Court's judgment [ECF No. 786].

On June 18, 2013, defendant filed with this Court a motion seeking "Disqualification of Justice, Judge, or Magistrate Pursuant to 28 USC 455 (a) and (d)(1)" [ECF No. 820].   On June 30, 2014, the D.C. Circuit received from defendant a petition for writ of mandamus requesting, *inter alia*, that the Clerk's Office at the United States District Court for the District of Columbia file his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Setnence ("§ 2255 motion") [ECF No. 862-1].  On October 3, 2014, the D.C. Circuit denied the petition and ordered that the petitition be referred to this Court for resolution as appropriate [ECF No. 862].  On October 15, 2014, this Court ordered *nunc pro tunc* that defendant's § 2255 motion be filed on March 11, 2013 in Criminal Case No. 07-00153-4 [ECF No. 863].  On October 17, 2014, defendant filed a Writ of Stay Pursuant to 28 U.S.C. § 2251 [ECF No. 864] requesting to be discharged from custody while his § 2255 motion was pending.  On March 3, 2015, defendant filed a Request to Enter Default and Unconditional Discharge Thereupon [ECF No. 883] requesting that a default judgment be entered in his favor regarding his § 2255 motion.

Following a hearing on April 8, 2015, the Court entered an Order on April 9, 2015 [ECF No. 886] denying defendant's motion seeking "Disqualification of Justice, Judge, or Magistrate Pursuant to 28 USC 455 (a) and (d)(1)" [ECF No. 820].  Additionally, following a hearing on June 2, 2015, the Court entered an Order on June 4, 2015 [ECF No. 898] denying defendant's § 2255 motion [ECF No. 863] and denying as moot defendant's Writ of Stay pursuant to 28

2

U.S.C. § 2251 [ECF No. 864] and Request to Enter Default and Unconditional Discharge [ECF No. 883].

Defendant filed a Notice of Appeal [ECF No. 903] challenging the Court's denials of his § 2255 motion [ECF No. 863], Writ of Stay pursuant to 28 U.S.C. § 2251 [ECF No. 864], and Request to Enter Default and Unconditional Discharge [ECF No. 883]. Defendant also indicated in his Notice of Appeal that his motion for "Disqualification of Justice, Judge, or Magistrate Pursuant to 28 USC 455 (a) and (d)(1)" [ECF No. 820] and the D.C. Circuit's October 3, 2014 Order [ECF No. 862] were not addressed by the Court.

Upon considering the Notice of Appeal, the D.C. Circuit observed that this Court had neither granted nor denied a COA. Accordingly, the D.C. Circuit ordered that this Court determine in the first instance whether defendant is entitled to a COA [ECF No. 912]. Shortly thereafter, defendant filed with this Court an Application to Proceed In Forma Pauperis [ECF No. 913].

## II.

A defendant must seek a COA to appeal a final order in a proceeding under section 2255. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). Where, as here, "an appellant fails to file an express request for a COA . . . , the notice of appeal constitutes such a request[.]" *United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial

3

showing of the denial of a constitutional right, the defendant must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Additionally, where the Court denies a claim on procedural grounds without reaching the underlying constitutional claim, the defendant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Defendant's Notice of Appeal is devoid of any bases or grounds for challenging the Court's denial of his § 2255 motion [ECF No. 863]. Indeed, upon review of the record and the Court's determinations regarding defendant's arguments in support of his § 2255 motion, the Court concludes that reasonable jurists could not debate either that "the issues presented were 'adequate to deserve encouragement to proceed further'" or that, to the extent the Court denied defendant's arguments without reaching their merits, "the district court was correct in its procedural ruling[s]." *Slack*, 529 U.S. at 483-84.

Defendant's Notice of Appeal is likewise devoid of any bases or grounds for challenging the Court's denials of his Writ of Stay pursuant to 28 U.S.C. § 2251 [ECF No. 864] and Request to Enter Default and Unconditional Discharge [ECF No. 883]. As noted above, the Court determined that these matters became moot following the denial of the § 2255 motion. Upon review of the record, the Court concludes that reasonable jurists could not debate that the Court was correct in its determinations that defendant's Writ of Stay pursuant to 28 U.S.C. § 2251 and

4

Request to Enter Default and Unconditional Discharge were moot. *See Slack*, 529 U.S. at 483-84.

To the extent defendant asserts in his Notice of Appeal that the Court failed to address his motion for "Disqualification of Justice, Judge, or Magistrate Pursuant to 28 USC 455 (a) and (d)(1)" [ECF No. 820] and the D.C. Circuit's October 3, 2014 Order [ECF No. 862], his assertions are belied by the record. As noted above, the Court denied the motion for "Disqualification of Justice, Judge, or Magistrate Pursuant to 28 USC 455 (a) and (d)(1)" in its April 9, 2015 Order. And shortly after the D.C. Circuit issued its October 3, 2014 Order, the Court filed and eventually ruled upon defendant's § 2255 motion. Upon review of the record, the Court concludes that reasonable jurists could not debate whether the Court addressed defendant's motion for "Disqualification of Justice, Judge, or Magistrate Pursuant to 28 USC 455 (a) and (d)(1)" [ECF No. 820] and the D.C. Circuit's October 3, 2014 Order [ECF No. 862]. *See Slack*, 529 U.S. at 483-84.

In sum, defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack*, 529 U.S. at 483-84.

### III.

Because defendant has not made a substantial showing of the denial of a constitutional right, the Court will decline to issue a COA.  28 U.S.C. § 2253(c)(2); *see Slack*, 529 U.S. at 483-84.  Because a COA is not warranted, the Court will dismiss as moot defendant's Application to Proceed In Forma Pauperis.  An appropriate Order accompanies this memorandum opinion.

April _____, 2016

_____
Thomas F. Hogan
Senior United States District Judge

6